IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50220
Conference Calendar

_____

CHRIS HOWARD McDANIEL,

Petitioner-Appellant,

versus

LESTER E. FLEMING, Warden,
Federal Correctional Institution Bastrop,

Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. A:97-CV-654
- - - - - - - - - -
August 18, 1998

Before KING, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:[*]

Chris Howard McDaniel appeals the district court's denial of his application for writ of habeas corpus. He challenges his ineligibility to receive a sentence reduction for successfully completing a substance abuse treatment program due to the Bureau of Prisons' ("BOP") determination that a defendant who receives a sentence enhancement for possession of a dangerous weapon is ineligible for the reduction because it only applies to nonviolent offenders. See 18 U.S.C. § 3621(e)(2); BOP Program

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Statement No. 5612.02, Section 9. McDaniel argues that BOP Program Statement No. 5612.02, Section 9, should be set aside because it is a legislative rule and was not promulgated in accordance with the Administrative Procedure Act's notice-and-comment requirements and because the BOP exceeded its statutory authority in making this rule. McDaniel's position lacks merit because this court has previously determined that this Program Statement is an interpretive rule not subject to the notice-and-comment requirements of the APA. See Royal v. Tombone, 141 F.3d 596, 600 (5th Cir. 1998); Venegas v. Henman, 126 F.3d 760, 763 (5th Cir. 1997); see also Reno v. Koray, 515 U.S. 50, 61 (1995) (noting BOP program statement was an interpretive guideline not subject to notice-and-comment requirements).

McDaniel concedes that his contention that the BOP exceeded its statutory authority by excluding prisoners who receive sentence enhancements pursuant to U.S.S.G. § 2D1.1(b)(1) from eligibility for sentence reductions is meritless in light of our decision in Venegas. See Venegas, 126 F.3d at 765.

AFFIRMED.